UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODESTO LOPEZ, an individual; and KARLA LOPEZ, an individual,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GLOBAL BUSINESS CONSULTANTS, a business entity, form unknown; JAYSON OSCAR TAYLOR, an individual; MARK P. ROSSMAN, an individual; ROBERT D. WELSH, an individual; DANIEL CAMP, an individual; MICHAEL GALLAGHER, an individual; HENRY COHEN, an individual; and ANDREW DALEY, an individual,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 20-cv-1281-AJB (LL)<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFFS MODESTO LOPEZ AND KARLA LOPEZ**<br><br>(Doc. No. 5) |

Before the Court is a motion to withdraw as counsel of record for Plaintiffs, Modesto Lopez and Karla Lopez, filed by Joseph G. Dicks of Dicks & Workman Attorneys at Law, APC ("Dicks"), for Plaintiffs failure to pay agreed-upon attorney fees. (Doc. No. 5.) There is no objection to Dicks' motion. For the reasons set forth, the Court **GRANTS** his motion.

1

## I. LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court*." Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Kassab v. San Diego Police Dep't*, No. 07-cv-1071 WQH (WMc), 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008) (citation omitted). Moreover, the motion for leave to withdraw must be supported by "good cause." *Evolv Health, LLC v. Cosway USA, Inc.*, No. 16-cv-1602 ODW (ASx), 2017 WL 1534184, at *2 (C.D. Cal. Apr. 26, 2017) (citation omitted). In determining whether good cause is shown, courts have considered: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case*." Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594 WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citation omitted). Additionally, pursuant to Civil Local Rule 83.3 "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." Civil Local R. 83.3.f.3.a. Moreover, a declaration "pertaining to such service must be filed." *Id.* at f.3.b.

## II. DISCUSSION

Upon consideration of Dicks' motion and the reasons for withdrawal outlined in his declaration, the Court finds that there is good cause to grant his motion to withdraw as counsel of record for Plaintiffs. *See Kassab*, No. 07-cv-1071 WQH (WMc), 2008 WL 251935, at *1. According to Dicks, despite his numerous verbal and written communications to Plaintiffs over several months, they have failed and refused to pay outstanding fees, as well as failed and refused to maintain their required retainer balance— as required under their written retainer agreement dated April 22, 2020. "[T]he failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw[.]" *Darby*, 810 F. Supp. at 276 (citing *Liberty–Ellis Island Foundation, Inc. v. International United*

*Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y.1986)). Moreover, Dicks has served Plaintiffs with a notice of his motion to withdraw. (Doc. Nos. 9, 10.) They have submitted no objections.

In addition, the Court finds that Dicks' withdrawal in this case will not prejudice the litigants as Plaintiffs still need to serve Defendants and have been granted an extension of up to and including March 5, 2021, to serve them. (Doc. No. 7.) Similarly, as the action is in its beginning stages, the Court does not find that counsel's early withdrawal will harm the administration of justice or unnecessarily delay the resolution of this case. *See Beard*, No. 07-cv-594 WQH (NLS), 2008 WL 410694, at *2. Thus, for the foregoing reasons, the Court **GRANTS** Dicks' motion to withdraw as counsel for Plaintiffs.

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED** that the motion to withdraw as counsel of record for Plaintiffs, filed by Joseph G. Dicks, is **GRANTED**. (Doc. No. 5.) It is **FURTHER ORDERED** that Plaintiffs be deemed pro se. Should Plaintiffs retain new counsel, such counsel must enter their appearance in this action in accordance with the local rules. Lastly, the Clerk of Court is **DIRECTED** to serve Plaintiffs, Modesto Lopez and Karla Lopez, with a copy of this Order by mail.

**IT IS SO ORDERED**.

Dated: January 15, 2021

Hon. Anthony J. Battaglia
United States District Judge